UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    WAYNE WESLEY LAROCHE                      Case No. 08-33302-dof
    and APRIL JOY LAROCHE,                       Chapter 7 Proceeding
                                                                 Hon. Daniel S. Opperman

            Debtors.
_____/

OPINION OVERRULING THE TRUSTEE'S OBJECTION
TO THE DEBTORS' AMENDED EXEMPTIONS OF THEIR 2008 TAX REFUNDS

      The appointed Chapter 7 Trustee in this case objected to the Debtors' amended exemptions of their 2008 federal income tax refund of $4,420.00 and a 2008 local income tax refund of $132.00. The Court heard arguments regarding this matter on June 3, 2009, and conducted an evidentiary hearing later that day. As is typical in cases of this nature, the specific facts of a particular case can impact the decision of the Court. Based on the circumstances and facts in this case, the Court overrules the Trustee's objection.

Background

      The Debtors initially filed a petition requesting relief under Chapter 13 of the Bankruptcy Code. Their case, however, was converted to Chapter 7 on November 5, 2008. The Chapter 7 Trustee conducted a first meeting of creditors on December 15, 2008, and filed an initial report with this Court on December 21, 2008, which indicated that the first meeting was held on December 15, 2008.

      On February 13, 2009, the Trustee filed her Interim Report detailing the assets of the Debtors and abandoning the first 16 categories of assets. The 17th category was listed as "tax refunds (u)" with an unknown value. Per the Trustee's Interim Report, the designation of (u) indicates that the

1

property was not scheduled. This assessment is correct in that the 2008 tax refunds were not listed in Schedule B. A few days prior to the Trustee's Interim Report, the Debtors filed their tax returns.

During the evidentiary hearing, the Debtors testified about their three children and the recent challenges they have experienced. As both Debtors testified, Mr. Laroche did not work much in 2008. He was employed in the months of January and February, but laid off from February 2008, until approximately August, 2008. During this time he received unemployment and sub-pay, but taxes were not withheld from this income. From the testimony of the Debtors, both of them were clearly of the belief that they would owe taxes in 2008, a belief that apparently was only dispelled on or about February 7, 2009, when their tax preparer informed them that they were entitled to a tax refund.

During 2008 to the present, one of the Debtors' children has special needs, one child attends middle school, and the other attends high school. Moreover, Mr. Laroche suffers from kidney disease, which impacts his ability to work and his participation in certain family activities. As Mrs. Laroche testified, the Laroche family had a number of events going on to distract the Debtors from what would appear to be an obvious obligation to amend their schedules regarding the tax refunds. Moreover, Mr. Laroche testified that he believed the bankruptcy was completed after the first meeting of creditors.

On March 26, 2009, the Trustee received the federal tax refund of $4,420.00 and filed a notification of asset case with this Court. On April 1, 2009, the Debtors amended their Schedules B and C. The Trustee objected to their amended claim of exemptions on April 7, 2009. On May 21, 2009, the Trustee filed her Report of Undisclosed Assets as required by E.D. Mich. LBR 2015-1.

Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Analysis

Federal Rule of Bankruptcy Procedure 1009(a) allows for the amendment of schedules. As articulated by the Sixth Circuit Court of Appeals, amendments are allowed any time before a case is closed. *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984). Amendments are not allowed, however, if the debtor has acted in bad faith or where property has been concealed. In *Lucius*, the debtors filed a petition on October 20, 1982, and the first meeting of creditors was held on December 16, 1982. Approximately one month later, the trustee filed a suit against the debtors to prevent a discharge in bankruptcy and the debtors were served with that lawsuit on February 4, 1983. On February 7, 1983, the debtors amended their exemptions. The trustee objected to these amendments and the bankruptcy judge recommended that the debtors' petition to amend be denied. The district court denied the petition as untimely, but the Sixth Circuit Court of Appeals reversed the decision of the district court.

Per *Lucius*, this Court must inquire as to whether the Debtors acted in bad faith or attempted to conceal property of the estate. In this case, the Court notes that the Debtors had pledged that 100% of future tax refunds would be paid to the Chapter 13 Trustee as additional funding. Since the Debtors' Chapter 13 Plan did not succeed, however, this provision of their Plan did not take effect. As testified by both Mr. and Mrs. Laroche, they believed that they would not be entitled to a tax refund in 2008 given Mr. Laroche's work history and the additional fact that no taxes were withheld from his income from February 2008 through August 2008. As both Debtors testified, it

3

was remarkable to them that they were entitled to a tax refund once informed of that fact by their tax preparer in February 2009. Approximately 50 days later, on April 1, 2009, the Debtors' Schedules B and C were amended to disclose the tax refund and in turn exempt that tax refund from the bankruptcy estate.

In comparison, the Trustee waited until February 13, 2009, to file a report with this Court indicating that all assets except for the tax refunds were abandoned. The Court notes that the Trustee's report certainly put Debtors' counsel on notice that the tax refunds for 2008 may still be property of the estate. Furthermore, the Court notes that the Trustee filed a notification of asset case on March 26, 2009, shortly after the Trustee received the full tax refund. Yet, the Trustee waited 56 days before filing the Trustee's Report of Undisclosed Assets on May 21, 2009. This report, however, only indicates that the Debtors failed to disclose the 2008 income tax refunds. No amount was listed in the report.

E.D. Mich. LBR 2015-1 states:

> If a trustee discovers an asset that the debtor failed to disclose and the trustee's discovery of the asset occurs after the debtor has testified at the meeting of creditors that the schedules are accurate, then the trustee shall, as promptly as practicable after the discovery, file a completed form "Trustee's Report of Undisclosed Asset," available on the court's website.

The Debtors' 2008 tax refunds are property of the estate and subject to proration as detailed by District Judge Battani in *Araj v. Kohut*, (*In re Araj*), 371 B.R. 240 (E.D. Mich. 2007).

The Court is persuaded by the Debtors' testimony that they did not think that they would be entitled to a 2008 tax refund given Mr. Laroche's lack of employment through a substantial period of 2008, coupled with the failure to have monies withheld from the income he did receive during that period of time. Although the better course of action would have been for the Debtors to list

4

their potential receipt of a tax refund, there is certainly nothing in the record to suggest that either Debtor thought that they were entitled to a refund when they testified at their December 15, 2008, first meeting of creditors.

The same cannot be said, however, after the Debtors were advised on February 7, 2009, that they were entitled to receive a tax refund. Once the Debtors possessed this knowledge, they should have immediately contacted their attorney to have her prepare amendments to their Schedules B and C to accurately disclose such a significant change in their assets. Had the Debtors done so, the Trustee may not have taken any further action.

Although the Debtors' actions in this case are not a model for what should have occurred, their actions likewise do not rise to the point of showing that there was any intent to conceal an asset of the estate or to act in anything but good faith. The Court concludes that the Debtors sufficiently explained their reasons for failing to disclose their entitlement to tax refunds for 2008. As Mrs. Laroche testified, the significant challenges to the Laroche family was such that these Debtors simply got caught up in their lives especially since they thought, albeit erroneously, that their bankruptcy was completed.

The Court's conclusion is also based upon the widespread notion, as the Court has noted in other cases such as this one, that attorneys for debtors were not aware that tax refunds were and are property of the estate. Hopefully, cases such as this one and other related cases, send a clear message to practitioners that tax refunds must be disclosed on Schedule B, even if the amount is an estimate based upon prior years experiences. *See In re Thomasma*, 399 B.R. 20, 24 (Bankr. W.D. Mich. 2008) (pointing out that line 21 of schedule B requires that a debtor list only an estimated amount for tax refunds). This provides a Chapter 7 trustee with the opportunity to assess the tax

refund amount and then determine whether an objection to exemptions is appropriate. Failing that, the trustees are left with no idea as to whether a tax refund exists and if so, the amount of that tax refund, much less whether all or part of the refund is exempt.

The Court notes that the imprecision of the estimate method can be resolved when a debtor actually knows the tax refund. In those cases, if the estimated amount is lower than the actual amount, then the debtor and debtor's counsel are duty-bound to amend Schedule B and, if necessary, Schedule C, to disclose and then exempt the actual tax refund. From a practical standpoint, the Court notes that 14 days after discovery of the actual amount of the tax refund is a sufficient amount of time to allow counsel to amend the necessary schedules, but yet not delay the administration of a Chapter 7 case.

Using this model, a debtor would disclose an estimated tax refund amount on her Schedule B at the time her case was filed. Counsel for the debtor would also advise the debtor that when the actual tax refund amount is known, the debtor would need to contact her attorney so amendments to the necessary schedules could be prepared and filed within 14 days. Without these amendments, absent extraordinary circumstances as demonstrated by the debtor, the trustee would then have sufficient basis to object to the amendment of the schedules, including any exemptions claimed in Schedule C. This approach should end the chess match that is played between debtors and debtors' counsel on one side and the trustee and trustee's counsel on the other. Finally, the proposed approach provides some certainty to both debtors and trustees alike, which should avoid unnecessary costs and expense.

As things currently stand in this case, it appears that the Trustee elicited some testimony at the first meeting of creditors to determine if a tax refund existed. The Trustee then filed a notice

with the Internal Revenue Service, but likewise filed a very vague report that tax refunds may be property of the estate. Of particular interest in this case, is the Trustee's delay, of approximately 56 days, in filing the Report of Undisclosed Assets after the Trustee knew that a tax refund existed and the amount of that refund. This practice by the Trustee completely subverts E.D. Mich. LBR 2015-1 because the trustee did not file the report "as promptly as practicable after discovery" as mandated by the local court rule. Even then, the Court notes that the only asset disclosed on May 21, 2009, was a 2008 income tax refund, which is the exact same information that the Trustee knew as early as December 15, 2008. The Trustee could have disclosed this information promptly after the first meeting of creditors.

For the reasons stated in this Opinion, the Court overrules the objection to exemptions by the Trustee. The Court has entered an Order consistent with this Opinion.

**Signed on July 07, 2009**

               **/s/ Daniel S. Opperman**
              **Daniel S. Opperman**
              **United States Bankruptcy Judge**

7

08-33302-dof Doc 82 Filed 07/07/09 Entered 07/07/09 16:21:54 Page 7 of 7